IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dajon S. Gamble,           )<br>                              )<br>     Plaintiff,            )<br>                              )<br>v.                            )<br>                              )<br>Federal Correctional Complex U.S.P.  )<br>Coleman #1 Institution, D. Kirkendall, )<br>Lt. Cammarado, C. Jones, M. Graham, )<br>Cheron Y. Nash,                )<br>                              )<br>     Defendants.           )<br>_____) | Civil Action No. 9:22-cv-606-BHH<br><br>**<u>ORDER</u>** |

This matter is before the Court upon Plaintiff Dajon S. Gamble's ("Plaintiff") complaint alleging violations of his constitutional rights while housed in a facility in Florida. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 21, 2022, Magistrate Judge Molly H. Cherry issued a report and recommendation ("Report") outlining the issues and recommending that the Court transfer this action to the United States District Court for the Middle District of Florida because venue under 28 U.S.C. § 1391 is not appropriate in the District of South Carolina. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

    Here, because no party has filed specific objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and recommendations.  Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 8), and the Court transfers this action to the United States District Court for the Middle District of Florida.

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 11, 2022
Charleston, South Carolina